IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ANTHONY JOSEPH RICHARD | § | |
| v. | § | CIVIL ACTION NO. 9:12cv138 |
| RICK THALER, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Anthony Richard, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Richard's complaint comprises 278 pages and lists 846 defendants. He says that he is seeking compensatory and punitive damages as well as injunctive relief, and asks that criminal charges be brought against the Defendants and arrest warrants issued. Richard states that he has been subject to cruel and unusual punishment and denial of due process and that he also wishes to bring claims of common law tortious abuse of official and individual capacity, official oppression, unlawful duress, violations of prisoners' civil rights under Texas state law as well as 42 U.S.C. §§1981, 1982, 1983, 1985(3) and 1986, the Civil Rights Acts of 1964 and 1991, the Universal Declaration of Human Rights, the Standard Minimum Rules for the Treatment of Prisoners, the Rules and Laws of the United Nations, violations of prior court orders in previous civil rights cases called Lamar v. Coffield and Ruiz v. Estelle, violations of the TDCJ disciplinary rules and procedures, violations of the Civil Rights of Institutionalized Persons Act, violations of the Texas

Health and Safety Code and the Texas Government Code, and violations of the Federal Water Pollution Control Act and the Clean Water Act of the Environmental Protection Agency.

Richard also complains of violations of federal criminal statutes regarding civil rights, TDCJ Administrative Directive 16.22, the TDCJ operations manual for mailrooms, the Access to Courts policy, the offender grievance operations manual, an administrative directive regarding inmate personal property, the rules of conduct for prison employees, federal statutes concerning destruction of mail and religious freedom, the Equal Protection Clause, TDCJ board policies concerning correspondence procedures, the TDCJ ethics rules, the Americans with Disabilities Act, the standards of the American Correctional Association, the Texas Government Code, the Correctional Managed Health Care Policy Manual, and the United Nations Declaration for the Elimination of All Forms of Racial Discrimination.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Richard's application for leave to proceed *in forma pauperis* be denied and that the lawsuit be dismissed. The Magistrate Judge observed that Richard is an "inveterate" filer of lawsuits in federal court, having filed at least 20 such cases since 1993. At least five of these previous lawsuits were dismissed as frivolous or for failure to state a claim upon which relief could be granted; thus, the Magistrate Judge concluded that Richard is subject to the provisions of 28 U.S.C. §1915(g).

This statute provides that inmates who have filed at least three previous lawsuits or appeals which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted cannot proceed under the *in forma pauperis* statute unless they show that they are in imminent danger of serious physical injury. In the present case, the Magistrate Judge concluded that Richard had failed to set out a short and plain statement of his claim containing specific facts showing that he is in imminent danger of serious physical injury as of the time of the filing of the lawsuit. *See* Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (imminent danger must be as of the time that the lawsuit or appeal is filed); Hyder v. Obama, civil action no. 5:11cv26, 2011 WL 1113496 (E.D.Tex., March 11, 2011, *Report adopted at* 2011 WL 1100126 (E.D.Tex., March 24,

2011) (general allegations not grounded in specific facts indicating that serious physical injury is imminent are not sufficient to invoke the exception to §1915(g)). Thus, the Magistrate Judge recommended that the lawsuit be dismissed.

A copy of this Report was sent to Richard at his last known address, return receipt requested, but no objections have been received; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 8) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion for leave to proceed *in forma pauperis* (docket no. 2) is hereby DENIED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $350.00 filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **28** day of **December, 2012.**

_____
Ron Clark, United States District Judge